IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ROBERT DAWLEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00142-P-BP |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiff John Robert Dawlearn ("Dawlearn") on February 13, 2020. ECF No. 1. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same date. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This is a § 1983 civil rights action filed by Dawlearn against the United States of America and various government employees, agents, and officials ("the government"). In his Complaint, Dawlearn makes several claims against the government "for kidnapping, extorsion [*sic*], violations of civil and constitutional rights, and faulsifacation [*sic*] of government documentation." ECF No. 1 at 3. He requests payment of "$65,000,000,000.00 sixty-five trillion dollars paid in full plus $6.5 billion dollars per year thereafter forever paid to myself or the Madagorda [*sic*] territories/its ruler/ruling faction(s)." *Id.* at 8. He makes various other requests in his Complaint including, "an additional 15 trillion dollars" if the suit is not settled within ninety days. *Id.* at 9. No process has been issued in this case.

Dawlearn brings his claims against "federal judges and a county judge, at least one member of the Attorney Generals office (child support division), child protective services, FBI and one judge of the Attorney Generals office child support division." *Id.* at 9. Since Dawlearn did not name the judges, employees, and officials whom he sued, explain the basis for his suit, or state the nature of the relief requested against the Defendants, the Court issued a questionnaire to him on April 13, 2020. ECF No. 7. The Court ordered Dawlearn to respond to the questionnaire by May 13, 2020. *Id.* at 1.

Dawlearn filed his Response to the Court's questionnaire on May 11, 2020. ECF No. 8. In it, he claims that "due to handicap(s) your request to answer these questions is legally and factually impossible and unreasonable." *Id.* at 1. Although Dawlearn did not respond to the questionnaire, he did reiterate the claims and monetary demands he made in his complaint. *Id.* On July 13, 2020, Dawlearn filed another pleading in which he increased his demand by an additional $45 trillion, claiming that "all persons involved in this are now guilty of the accusations and of treason." ECF No. 9 at 1.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504

U.S. at 32. Dawlearn's allegations fall within this doctrine. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

For the foregoing reasons, the undersigned **RECOMMENDS** that Dawlearn's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 13, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE